The next case before us this morning is 20-6017 United States v. Jones and I see counsel is ready to proceed so Ms. Otto why don't you go ahead. Thank you Honor may it please the court my name is Susan Otto I'm with the federal public defender office and I'm representing Damon Diablo Jones. We're before the a sentence that was imposed by Judge Russell that sentenced Mr. Jones to 15 additional months incarceration to run consecutively to the 32 year sentence of incarceration he's currently serving. He's been serving that sentence since he was in his 20s he's in his 40s now. The reason Mr. Jones was before the court for sentencing was because while he was in transit from one United States penitentiary to another he was in the Federal Transfer Center in Oklahoma City. While he was there he engaged in problematic sexual behavior that caused him to be charged with a state law crime. In the state of Oklahoma indecent exposure is a felony and it carries not only jail time as a possible sanction but also a requirement that you register as a sex offender from this point forward. Mr. Jones has been suffering with this affliction with this behavior since approximately 2006. He acquired this behavior while he was in the custody of the United States it became acute when he was in Coleman the United States Penitentiary in Coleman. Our sentencing memorandum discussed in detail Mr. Jones childhood his difficult upbringing and the fact that when he was a child he was subjected to sexual abuse at the hands of an adult. This behavior didn't manifest itself while Mr. Jones was at Liberty. He had no prior history of problematic sexual behavior before he went into the custody of the United States. He made up for it didn't he? I'm sorry sir? He made up for it. Your honor there is absolutely no doubt that this behavior escalated from something that became habitual when he was at Coleman and became an addiction. So we just excuse it and say oh that's okay because you had a bad upbringing? Absolutely not your honor. I'm not I didn't make that argument in front of Judge Russell and I'm not making that argument before this court. What we're arguing is that the court in sentencing Mr. Jones to a consecutive sentence has simply elongated the amount of time he will be in custody that may be a legitimate purpose under some circumstances but that it has delayed the one opportunity that he might have to receive treatment. Now we're in a very peculiar position here in this case because since this is an assimilated crime there is no federal sentencing guideline for it. There was nothing that was analogous. So the court is trying to craft a sentence using the 3553 sentencing factors. I believe the United States has construed our argument as a complaint that we didn't get a lower sentence. What we're saying though is that the judge in devising a sentence that requires him to remain in custody for an additional 15 months in addition to what he's doing now doesn't adequately focus on the primary sentencing factor in this case which necessarily needs to be his rehabilitation. As I read your brief you're asking us to reweigh the factors and substitute our judgment for that of the trial judge which of course we can't do. Tell me why that's not what you're asking us. I'm not asking you to reweigh the factors. What I am asking you to do is to determine whether the district court imposed a sentence that does not fairly reflect those factors. You are allowed to do that under Lopez Macias and under Sanchez Leon. And this really takes me to the heart of why we're here. What we have is a case that is a federal sentencing guideline. It's one of the equally weighted statutory factors that the court then assigns a particular factor to a particular weight in deciding what is the most appropriate thing in a particular case. When a court fails to fairly devise a sentence that reflects those factors, an appellate court does have a role in this. I understand that this is a very subtle argument that derives in part because of the sentencing guidelines and because of what happened post Booker. Didn't the court recommend him for sex offended treatment and placement in a facility best able to address his Uh, I think you want you wanted a concurrent 15 months, correct? Correct. Okay. And that would mean he would not be punished at all for what he had done multi multi times over and over and over again. Uh, and the guy is a slow learner apparently. Well, Your Honor, I will answer that stepwise going backwards. He will certainly be suffering the punishment of this offense for many, many years. And the punishment for this offense, in addition to the sentence of conviction, will be the requirement that he register as a sex offender. That will have a dramatic impact on him when he is released from custody. He is coming towards the end of his federal sentence, and we asked for the 15 months to run concurrently so that he could be in that program, which is something he's been asking for for years but has been denied in the Bureau of Prisons so that he can get the help that he needs. That's what we were asking for. He certainly understands that he has a problem. He certainly understands that his problem has caused him grievous difficulties in the in his institutional setting. He understands that if he goes to another facility and engages in this behavior, it is highly likely he will be charged again under that state's law. He's in Kentucky now and could be charged if he does this again. The United States Bureau of Prisons handled these matters up to this point by taking his good time credit away from him by putting him in the Special Housing Unit, by transferring him from one federal penitentiary to another. It is not as if the government has been, when I say government, I mean the Bureau of Prisons has been unaware of this. At one point when he was in custody, we raised this in our sentencing memorandum, he asked for some help. They gave him what they could give him at a facility that did not have a specialized sex offender treatment program. It went horribly awry because what he wanted to talk about was his childhood sexual abuse and how that's the root of what's going on here. Yes, your honor, he is a very slow learner and if that isn't strong evidence of an addiction, not just bad behavior, I just don't know what is. Addiction by its definition is something that you do, whatever it is, over eating, over drinking, or in his case, being unable to control masturbating in front of women or exposing himself in front of women. That has completely disrupted his life. It's deprived him of good time credit. It's meant that he's been beaten up and has been subjected to multiple transfers within the system, all because he can't stop doing this. Our request was, please, please. He's also engaged in several other incidents that have nothing to do with this, right? Oh, yes. He has a history of being in fights. He has a history of... possession of dangerous weapons. Yes, sir. Threatening, assault. I mean, this is just one of many problems this guy's got. Yes, and he's lost all of his good time credit, has spent considerable time in shoe. He's been in jail since 1995. But that was not for something he hadn't done, was it? No, sir, and I'm not saying that he doesn't deserve to be punished, and neither is he, but what we were asking for was the court to focus on that part of the sentencing calculus that addresses the behavior in the most constructive and most direct way, to protect the public in the future, and to also assist him in his rehabilitation. Well, the court took all that into account and said he did. Isn't that correct? The judge said he understood that he had a bad childhood, and he was sorry about that, and that was unfortunate. He also said, you know, right from wrong, and he said, if I were the victim, I would be offended by a consecutive sentence. By a consecutive sentence? I'm sorry, by a concurrent sentence. I misspoke. By a concurrent sentence. I mean, the judge could have given him ten years. Yes, he could have. Under the statute, right? So, I mean, given the number of violations that this gentleman has had since he's been incarcerated, I mean, in some ways, the judge's sentence was pretty restrained. Well, Your Honor, I would disagree with that for this reason. He wasn't before the court in Oklahoma City being sentenced for his prison record. He had been already sanctioned for those things by the Bureau of Prisons for all of his misconduct. But you would agree that that is part of what the court looks at in trying to pick the correct sentence under the factors. I think that, yes, I think that certainly the court had before it, the pre-sentence report, has his extensive prison history, beginning with his first infraction pretty much the minute he walked in the door, clearly evincing the fact that he had no idea what was going on or exactly the situation that he found himself in. He went in prison as a very young man and has had a very, very rough road and a rocky time. What was before the court was how to address this problematic sexual behavior that resulted in a charge here in the Western District of Oklahoma under assimilated crime. I would respectfully submit that the sentencing guidelines and the Sentencing Commission, and I don't think Congress, when it enacted the Sentencing Reform Act, really had assimilated crimes in mind. Yes, under Oklahoma law, he had to have a minimum of 30 days, maximum of 10 years. The sentencing scheme in Oklahoma is quite a bit different. There's also parole. He will not have the benefit of a parole sentence. It appears that the judge considered the fact that two other people had already previously been sentenced for the same type of offense in the Western District and used those sentences as something like a rough bottom-top, but the difference was the 24-month sentence was run concurrently in Mr. Mitchell's case, and the one year and one day, of course, would have a good time credit. It was tacked on to the back of the other man's sentence. This one kind of stands alone because it's 15 months and it's running consecutive. Well, are you arguing the procedural reasonableness of the sentence? Well, I don't think I am arguing procedural reasonableness because, as I understand the court's definition of that, is the failure to consider all of the relevant factors. I think the judge considered the relevant factors. I'm considering all the relevant factors, and if he exercised his discretion, aren't we somewhat handicapped in what we can do with it? I think, I'm sorry, sir. Go ahead. I think you're certainly allowed under Sanchez-Leon and Lopez Macias to take a look at this and determine if the sentence fairly reflects those factors. There is still a role for the appellate courts in the application of the sentencing guidelines and the application of the sentencing factors. In a situation like this, where we don't have a waypoint of the guidelines, we don't have something that we can look to and say, this appears to be about what we think fairness looks like, I think your role is more robust. I believe this sentence, this consecutive sentence, which delays his ability to get treatment, is appropriate. Well, it doesn't delay his ability to get treatment because the court specifically is ordering him to be placed in a place where he can get treatment. Yes, he will get that treatment towards the end of his sentence, and that was clear, that he had asked to be sent to a facility that had that treatment, and he was told that he didn't qualify because he had no history of problematic sexual behavior out on the world. Now he has this problem, and without the judge saying, please, you've got to do this, just, I checked the morning before our oral argument, he's still at McCrary in Kentucky, he is not at Marion, and he is not at Devins, and those were the facilities identified as having the sex offender treatment. He's not there yet. Thank you, counsel, your time has expired. Okay, I'm sorry, I didn't, I couldn't see the clock, I'm sorry, and I lost count. No problem. Okay, Mr. Krager. Thank you, Your Honor, and may it please the court, Steven Krager on behalf of the United States. When the district court imposed a 15-month consecutive sentence, it acted within the realm, the broad realm of its discretion, and it imposed a substantive reasonable sentence. This court's review is for an abuse of discretion. The primary counsel's argument that Mr. Jones is pursuing is that the court didn't focus on the factor that he wished the court to focus on. As Ms. Otto stated, the argument is that the primary sentencing factor in Mr. Jones's mind should have been on rehabilitation. Of course, as this court is aware, the ability of the court to use rehabilitation in determining a sentence is very limited. I believe it's Tapia, among other cases, where the court, and there's a specific statute where the court is directed not to consider rehabilitation in determining the length of the sentence, specifically whether to increase the length of the sentence. What the court had here was a defendant who had been disciplined by the BOP 70 times, who had been disciplined for improper sexual conduct 35 times, improper sexual conduct that happened before he went to Coleman, after he went to Coleman, or while he was at Coleman, and after he went to Coleman. Excuse me, I thought I heard somebody wanting to chime in. The court focused on his history and background. It focused on the need to provide a deterrence. In some ways, doesn't getting him sexual treatment counseling for his problem also impact the safety of the public if he's released and deterrence, certainly specific deterrence? Yes, Your Honor. The by recommending to the Bureau of Prisons that he be provided sex offender treatment while in prison. The district court can't order the BOP to put him in a specific facility. It can only make those recommendations, and it did so here. But in all, the district court, in addition to considering those factors and considering the history, also has to consider just punishment for the offense, which includes considering the impact this had on victims. Again, this is not the first victim, and the district court considered the impact that essentially no sentence, no additional time would have on the victim, and what message that would to other people in BOP custody. Nemezato also argued that the sentence that Mr. Jones would have wanted to get, or the punishment that he would have wanted to, that he was pushing for, or not pushing for, but would be subject to with a concurrent sentence, is sex offender registration. The sex offender registration isn't a punishment, it's a collateral consequence of being convicted of a sex crime. And as this court explained in the United States v. Bergeron, admittedly an unpublished decision, while the court, of course, can consider collateral consequences of a conviction, it's not required to do so. As far as Mr. Jones's desire to seek out treatment, Mr. Jones sought to seek out a sex offender workbook and asked to complete that, and he refused to do so. Again, he wanted to discuss other problems, but refused to participate in the rehabilitative efforts provided by BOP. Nemezato has argued that this court's review should be more robust because there are no guidelines. Respectfully, this court's review is for an abuse of discretion post-Booker, under Gall, whether it's within guidelines, outside of guidelines, whether there are no guidelines. In fact, prior to Booker, in the assimilative crimes context, the court's review was for an abuse of discretion. And nowhere is the court's discretion more broad than in the context of sentencing. Finally, Mr. Nemezato argued that Mr. Jones was not being sentenced for his prior prison conduct. While he was not being directly sentenced for that, as I believe Judge McHugh and perhaps Judge Kelly also pointed out, the court was free to consider that prior conduct. I'm happy to answer any questions the court may have, but in light of Mr. Jones' history, I would simply submit that the district court's 15-month consecutive sentence was substantively reasonable. Judge Kelly, any questions? Nothing further. Judge Ide? No, I'm good. Thank you. Thank you, counsel. We will take this matter under advisement. Appreciate your argument today.